BARBARA POOVEY, Plaintiff-Appellant, *v.* DOROTHY JOHANSON, a.k.a. DOROTHY DARNELL, Defendant-Appellee.

NO. 5996

AUGUST 22, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* The plaintiff in an action for summary possession of leased premises, brought pursuant to HRS Chapter 666, appeals from an order of the district court cancelling a writ of possession which had been issued pursuant to a judgment for plaintiff. We affirm.

The action was tried in the district court on April 25, 1975 and resulted in a finding that the sum of $1499.51 was due to the plaintiff by the defendant. Judgment was entered on May 15, 1975, ordering that plaintiff have possession of the premises but that the issuance of the writ of possession be stayed, pursuant to HRS § 666-14, if defendant should pay, on or before June 6, 1975, the sum of $1499.51 "in addition to the rents which shall become owing on May 1 and June 1 respectively". A writ of possession was issued on June 6, 1975, upon the filing by plaintiff of an affidavit of plaintiff's rental collection agent to the effect that the rent due June 1 had not been paid. On June 16, 1975, defendant moved to set aside the writ of possession. By order entered July 24, 1975, the district court cancelled the writ of possession.

HRS § 666-14 provides:

§666-14 Writ stayed how, in proceedings for non-

payment of rent. The issuing of the writ of possession shall be stayed in the case of a proceeding for the non-payment of rent, if the person owing the rent, before the writ is actually issued, pays the rent due and interest thereon at the rate of eight per cent a year and all costs and charges of the proceedings, and all expenses incurred by plaintiff, including a reasonable fee for his attorney.

No transcript of the proceedings below is included in the record on this appeal. Various affidavits appear in the record, relating to dealings between the parties with respect to rent payments. The record does not inform us what evidence may have been presented to the district court or what facts may have been found by it as grounds for the cancelling of the writ of possession. For all that appears, the district court may have found that the judgment had been satisfied and all rents had been currently paid on June 6, 1975, the date of issuance of the writ of possession, so that the writ was mistakenly issued. The only issue presented by this appeal is whether the district court, upon ascertaining that a writ of possession has been mistakenly issued, may cancel the writ.

Rule 60(b) of the District Court Rules of Civil Procedure empowers the district court to relieve a party from an order entered by mistake. If the writ of possession in this case had been issued in contravention of HRS § 666- 14, under circumstances which dictated that the writ should be stayed, the district court had authority under Rule 60(b) to correct its mistake. The motion to set aside the writ was timely under the rule. We are not called upon to consider whether HRS § 666-14 requires payment of rents falling due after the judgment, since we do not know what the district court found with respect to such rents. Upon the record before us, no error appears.

The order appealed from is affirmed.

*E. D. Crumpacker* (*Crumpacker & Cohn* of counsel) for plaintiff-appellant.

*Paul Mark Clark* and *Robert W. Jinks* for defendant-appellee.